UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

JAMES R. PHELPS                                CIVIL ACTION NO. 12-cv-2831

VERSUS                                         JUDGE HICKS

SCHINDLER ELEVATOR CORP., ET AL    MAGISTRATE JUDGE HORNSBY

**MEMORANDUM ORDER**

James Phelps filed this civil action based on diversity jurisdiction, which places the burden on him to allege with specificity the citizenship of the parties. His current complaint does not satisfy that burden, so he will need to file an amended complaint by **November 30, 2012** to address the matters discussed in this order.

Plaintiff describes himself as a "resident" of Georgia, but it is domicile rather than mere residency that decides citizenship for diversity purposes, and "[i]t is well established that an allegation of residency does not satisfy the requirement of an allegation of citizenship." Great Plains Trust Co. v. Morgan Stanley, 313 F.3d 305, 310 n. 2 (5th Cir. 2002), quoting Strain v. Harrelson Rubber Co., 742 F.2d 888 (5th Cir. 1984). A person's domicile is based on his physical presence and an intention to remain there indefinitely. He may have many residences, but he has only one domicile. Plaintiff needs to allege with specificity the state in which he is domiciled.

Plaintiff describes defendant Schindler Elevator Corporation as operating in Louisiana with a principal business office in New Jersey. A corporation is deemed to be a citizen of

(1) the state in which it was incorporated, and (2) the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). These two states must be alleged with specificity. Plaintiff will need to learn the relevant information and allege it in an amended complaint. It is noted that Schindler has described itself in other pleadings filed with this court as being organized under the laws of Delaware and with a principal place of business in New Jersey. See 08-cv-1331, Doc. 1, Par. 6.

Plaintiff describes defendant American Towers, LLC as a limited liability company operating in Louisiana and with a principal business office in Massachusetts. The citizenship of an LLC is determined by the citizenship of all of its members, with its state of organization or principal place of business being irrelevant. Harvey v. Grey Wolf Drilling Co., 542 F.3d 1077 (5th Cir. 2008). If the members are themselves partnerships, LLCs, corporations or other form of entity, their citizenship must be alleged in accordance with the rules applicable to that entity, and the citizenship must be traced through however many layers of members or partners there may be. Feaster v. Grey Wolf Drilling Co., 2007 WL 3146363 (W.D. La. 2007). The court has explained the need for such detail in cases such as Burford v. State Line Gathering System, LLC, 2009 WL 2487988 (W.D. La. 2009).

The information needed to determine citizenship with respect to an LLC is not often found in any public records. Parties in the LLC's position ordinarily provide the information voluntarily, and the LLC is encouraged to do so in this case so that this preliminary issue may be resolved as quickly and efficiently as possible. Plaintiff should immediately serve his complaint on the LLC so that communication can commence regarding this issue. If the

LLC does not provide the information voluntarily, Plaintiff may request leave of court to conduct discovery on the issue.

  THUS DONE AND SIGNED in Shreveport, Louisiana, this 6th day of November, 2012.

                _____
                MARK L. HORNSBY
                UNITED STATES MAGISTRATE JUDGE